IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MAXINE MURPHY, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) FILED: OCTOBER 9, 2008 |
| v. | ) 08CV5769 |
| | ) JUDGE KENNELLY |
| CITY OF CHICAGO, OFFICER O'CONNOR (F/N/U), and UNKOWN CHICAGO POLICE OFFICERS, | ) MAGISTRATE JUDGE ASHMAN |
| | ) |
| | ) PH |
| Defendants. | ) Jury Demand |

**COMPLAINT**

Plaintiff, MAXINE MURPHY, by her attorney, KURT H. FEUER, complaining of Defendants, CITY OF CHICAGO, OFFICER O'CONNOR, and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. Plaintiff also brings several related state law claims.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in

this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

## Background

4. Plaintiff Maxine Murphy is 69 years old and resides at 8923 S. Cornell in Chicago, Illinois. Plaintiff owns the building, which is a single family home in a residential neighborhood.

5. Plaintiff's son, Jeffrey Boney, and grandson, Dante Wheeler, also reside in the house, along with Boney's wife, Paris Clark, and another son, Larnell Murphy.

6. On or about September 9, 2008 at approximately 11:30 p.m., Boney and Wheeler were sitting on the front porch of the house when an unmarked squad car pulled up in front of the house. Three officers got out of the car and walked up to the gate in the chain link fence at the front of Plaintiff's property. They then asked Boney and Wheeler "What's your name?"

7. Boney asked the officers what the problem was, and after the officers refused to respond, Boney told them to wait by the gate and went into the house to get Plaintiff.

8. Rather than waiting at the gate, the officers came through the gate. Two ran after Boney and kicked in the door to the house, which Boney had closed behind him. The third went up to Wheeler, who remained on the porch, and asked Wheeler for his name and ID. When Wheeler complied, the officer cuffed

2

him and told him they were looking for Devon Wheeler, his brother. Wheeler told the officer that Devon Wheeler was in custody.

9. Plaintiff was on her bed in her first floor bedroom when she heard the police crash through her front door and heard Boney calling to her that there were police in the house.

10. Boney came into Plaintiff's bedroom with the police following. The police pushed Boney onto the bed and Plaintiff stood up and asked the police what they were doing in her bedroom and to see their warrant.

11. The officers refused to respond to Plaintiff or show her a warrant, only asking Boney who he was. Plaintiff demanded that the police leave her house, but the officer, who Plaintiff believes is named O'Conner, pushed Plaintiff aside with his body to get to Boney, causing Plaintiff's shoulder to hit her bedpost and her arm to hit her bedroom door.

12. The officers grabbed Boney, and shoved Plaintiff again in doing so. Plaintiff told the officers to leave Boney alone and again demanded to see a warrant.

13. During this time the officer outside of the house brought Wheeler into the house and sat him on a couch in the living room. As the other two officers brought Boney out of Plaintiff's bedroom and into the living room, Larnell Murphy

3

came up from the basement and asked the officers what was going on. The officers shoved Murphy aside.

14. Once in the living room Boney told the officers his name and his wife, Paris, who had come down from upstairs, went to get identification for him. Again the officers were told that Devon Wheeler was in custody, not in the house.

15. The officers took Dante Wheeler out to a squad car and ran his name. They returned him to the house and uncuffed him after he came clear.

16. The officers also took Boney out to a squad car and took him into custody when a charge came up against him. That charge was later dismissed, but the police also charged Boney with resisting arrest that day.

17. Several other squad cars arrived at Plaintiff's residence after the officers entered her home, but all of the other officers stayed outside.

18. The officers left with Boney, having never showed Plaintiff a warrant for Devon Wheeler's arrest or a search warrant for her home.

19. After the police left, Murphy took Plaintiff to St. Bernard's Hospital where she was treated for injuries to her arm and shoulder.

20. Plaintiff subsequently filed a complaint with the Independent Police Review Authority.

## Count I -- Section 1983

### Fourth Amendment
### (Unlawful Search)

21. Each of the foregoing Paragraphs 1 through 20 is incorporated as if restated fully herein.

22. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly and unreasonably exceeded the scope of their lawful authority in conducting an unlawful and unreasonable entry into and search of Plaintiff's residence, thereby violating the United States Constitution.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

24. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including, but not limited to, physical injury, mental distress and anguish.

WHEREFORE Plaintiff respectfully request this Court to enter judgment for monetary damages against the City of Chicago and the Defendant Officers, as well as punitive damages against the Defendant Officers in their individual capacities, and to

award Plaintiff her reasonable attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- 42 U.S.C. Section 1983
**Excessive Force**

25. Plaintiff realleges by this reference paragraphs 1 through 20 of this Complaint as if restated fully herein.

26. As described above, the Defendant Officers intentionally and without any cause struck Plaintiff with their bodies.

27. As a result of said Defendants' unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

29. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, the CITY OF CHICAGO, is liable for their actions.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant Officers and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Defendant officers, to award

Plaintiff her attorney's fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
**Respondeat Superior**

30. Each of the foregoing Paragraphs 1 through 20 is incorporated as if restated fully herein.

31. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were agents of the City of Chicago, and were acting at all relevant times within the scope of their employment.

32. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiffs respectfully request this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff her attorney's fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
**Indemnification**

33. Each of the foregoing Paragraphs 1 through 20 is incorporated as if restated fully herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The Defendant Officers, who all are or were employees of the City of Chicago, acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiffs respectfully request this Court to enter judgment for monetary damages against Defendant the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorney for Plaintiff

Kurt H. Feuer
Attorney at Law
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900